UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONALD RAY WILLIAMS, SR., | § | |
| TDCJ # 00585282, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:19-219 |
| | § | |
| OFFICER KATHY WANSER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Donald Ray Williams, Sr., an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed this civil rights suit under 42 U.S.C. § 1983. Williams has filed motions to proceed *in forma pauperis* (Dkt. 3, Dkt. 4). Having reviewed the pleadings and the plaintiff's litigation history, the Court dismisses this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of Section 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385

(5th Cir. 1996). The threat of imminent danger must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and allegations regarding past harms do not suffice. *Banos*, 144 F.3d at 885; *see Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Williams has filed at least three civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, *Williams v. Dodge*, Civil Action No. 2:18-CV-227 (S.D. Tex.) (dismissal order dated August 22, 2018, collects citations for at least 13 prior strikes). He therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Williams' complaint alleges that multiple defendants, including officials from Brazoria County and the City of Angleton, violated his rights with an "illegal conviction scheme plan" (Dkt. 1, at 4). He appears to complain that the proceedings leading to his murder conviction from 1994 were flawed, and seeks "$749 trillion dollars" as compensation (*id*. at 5). He does not make allegations regarding any threat of imminent danger.

Because Williams has not sufficiently pleaded that he was under a real, proximate threat of "imminent danger of serious physical injury" at the time that his complaint in this lawsuit was filed, the Court will dismiss the complaint without prejudice as barred by 28 U.S.C. § 1915(g). *See Banos*, 144 F.3d at 885.

The Court therefore **ORDERS** as follows:

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Dkt. 3, Dkt. 4) are **DENIED**.

2. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

3. All other pending motions are **DENIED as moot**.

4. The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The Clerk will provide a copy of this order to the plaintiff.

SIGNED at Galveston, Texas, this 12th day of July, 2019.

_George C. Hanks Jr_

George C. Hanks Jr.
United States District Judge